## Breckinridge *vs* Taylor's adm'rs. <span style="float:right">CHANCERY.</span>

### ERROR TO THE FRANKLIN CIRCUIT.

*Executions. Replevin Bonds. Revivor. Supplemental bills. Bills of revivor. Bills of review.*

<span style="float:right">Case 84.</span>

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

<span style="float:right">*May* 12.</span>

A JUDGMENT for $6689, in damages, having been rendered, in 1827, against *William Taylor*, as one of the sureties of James T. Pendleton, as cashier of a bank, he

<span style="float:right">Grounds of complaint, and decree of the Circuit Court.</span>

BRECKINRIDGE
*vs*
TAYLOR'S ADM'S.

obtained a decree, in 1835, against *James D. Breckin-*
*ridge,* as his only solvent co-surety, for " the sum of four
" thousand two hundred and fifty two dollars, *being one*
" *half of the amount paid in discharge of the judgment,*
" *and interest on one moiety from the 6th of January,*
" 1831," (the time of payment by Taylor,) to the date
of the decree, which was March the 28th, 1835.

Supplemental
bill and claim
therein set up,
decree thereon.

Upon an appeal to this Court, by *Breckinridge,* that
decree was affirmed (5 *Dana,* 110.) The case having
been revived here, in the names of the administrators of
*Taylor,* who had died during the pendency of the appeal,
they filed a supplemental bill in the Circuit Court on the
return of the affirmance, for the purpose of reviving the
decree, and that bill being taken for confessed, the Cir-
cuit Court revived the decree in favor of the said admin-
istrators, and supposing that there was a mistake in
arithmetical calculation, altered it from $4252, to $6146
82 cts. and rendered a decree for the latter sum "with in-
" terest thereon, at the rate of six per centum per annum,
" from the date of this decree until paid—the said sum,
" thus decreed, being the amount of damages decreed in
" the Court of Appeals, an amount to which the admin-
" istrators are entitled, by virtue of the *principles* of the
" decree heretofore rendered by this Court, and affirmed
" by the appellate Court."

Breckinridge now prosecutes a writ of error for reversing
that decree.

The receipt by the bank, to the decedent, Taylor, in
discharge of the judgment against him, was dated Janu-
ary 6th 1831, and purports to be for $7585, " in full sat-
" isfaction, (on a compromise,) of a judgment obtained
" against him, as one of the sureties of *James T. Pendle-*
" *ton,* and in full of the judgment of the Court of Ap-
" peals, affirming that judgment."

One half of the aggregate amount of $7585, and of ten
per cent. damages on the affirmance by this Court, and
legal interest thereon, from the 6th of January, 1831, to
the 28th of March, 1835, (the date of the first decree
against *Breckinridge,*) being obviously more than $4252,
as specified in that decree, and the decretal order itself,
showing on its face, that the Court intended to decree

to Taylor one half of what he had paid *of the judgment*, and legal interest thereon. Therefore, the Circuit Judge rendered the last decree of revivor, according to the *"principles"* of the first decree, considering the specification of the amount therein, as a clerical misprision. And the counsel for Taylor's administrators now insists that in this there is no error prejudicial to Breckinridge.

The Statute of 1794, authorizing an execution to issue in favor of the personal representative of the obligee, in a replevin bond, does not apply to an execution on a technical judgment or decree, which, according to the common law, must conform to the style of the judgment or decree, and be issued in the name of the party in whose favor the judgment or decree was rendered.

And it was said by this Court, in the case of *Handley* vs *Fitzhugh*, (3 *A. K. Marshall*, 562,) that a revivor here, in the name of the personal representatives of a party to a judgment or decree sought to be reversed, will not, on an affirmance, operate as a revivor or change of the judgment or decree as rendered in the Court below, so as to authorize execution from that Court in the name of such representative, without a revivor in his name in that Court also.

There may, therefore, have been no ground for objection to the supplemental bill filed in this case.

But on such a bill, for merely reviving the first decree only, no error in that decree, as intended to be rendered, could be corrected. The only remedy, if the *Judge* erred in the first decree, was by bill of review, appeal, or writ of error. And we are clearly of the opinion that if there be any error in the amount specified in the first decree, it cannot be deemed to have been a clerical misprision, correctable, *ex officio*, by the Judge, but was an error in the judgment of the Judge himself, which could be corrected only by bill of review, appeal, or writ of error.

Though the receipt to Taylor was *prima facie* proof of the amount paid by him, yet he paid it in consequence of an unexplained compromise, and the record does not show that he was liable to pay so large a sum, or that Breckinridge was equitably bound to pay him more than one-half of $6689, as adjudged against him, and interest

BRECKINRIDGE
*vs*
TAYLOR'S ADM'S.

The Statute of 1794, authorizing executions to issue in favor of personal representatives, on replevin bonds, does not apply to executions on decrees and judgments, technically so denominated.

A revivor in the Ct. of Appeals, of a judgment or decree, will not operate as a revivor of the judgment or decree in the Circuit Ct. so as, on the return of the case, to authorize execution to issue without a revivor in that Ct. also.

On a bill for *reviving* a decree merely, no error committed in the 1st decree, where it has been *revived* and affirmed by the Court of Appeals, can be inquired into, it could be corrected by *bill of review, appeal, or writ of error.*

thereon. And this latter aggregate was, at the date of the decree of 1835, about $4252, as then decreed against *Breckinridge*. It is almost indisputable therefore, that in rendering that decree for $4252, there was no mistake, either in the Clerk or the Judge, and that the Court intended to decree only one half of the original judgment for damages, and six per cent. interest thereon, there being, in the opinion of that Court, no proof of the amount of costs adjudged to Taylor, or of Breckinridge being equitably liable for more than the amount of the damages adjudged against Taylor in the Circuit Court, and legal interest thereon.

And even thus construing the decree of 1835, there may be some ground for doubting whether there was any error in it. But however this may be, we are sure that the error, if any, was in the Court, and not in the Clerk, in the principle, and not in the arithmetic of the decree, and that the decree for $4252, was just what the Judge intended that it should be.

Mandate.

Consequently, the decree now complained of must be reversed and the cause remanded.

*Loughborough* for plaintiff: *Morehead and Reed* for defendants.